# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DR. MATTIE L. VAUGHN,

      Plaintiff,                :           Case No. 3:09-cv-039

    -vs-                                     Magistrate Judge Michael R. Merz
                                      :

WILBERFORCE UNIVERSITY, et al.,

      Defendants.

## DECISION AND ORDER

Plaintiff, Dr. Mattie L. Vaughn, brought this action *pro se* in the Greene County Common Pleas Court to complain of the failure of Defendant Wilberforce University to grant her academic tenure and of the part played by the other Defendants, both individuals and organizations, in that denial. Defendants removed the case to this Court on the theory that it is an action arising under 29 U.S.C. § 185. The case is now before the Court on Defendants' Motions to Dismiss (Doc. Nos. 10, 16). Plaintiff has opposed both Motions (Doc. No. 18) and Defendants have filed Replies in support (Doc. Nos. 21, 22).

The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case has been referred on that basis (Doc. No. 20).

The Motions to Dismiss were made under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement

1

of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th

Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(emphasis in original).

Defendants claim that the Complaint is barred by the statute of limitations. A statute of limitations defense may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989).

Plaintiff first asserts that her state law claims are not preempted. The Supreme Court has held that

> the pre-emptive force of §301 [of the Labor Management Relations Act] is so powerful as to displace entirely any state cause of action "for violation of contracts between an employer and a labor organization." Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of §301.

*Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1 (1983)(footnote omitted), *quoting,* 29 U.S.C. §185(a). The broad preemptive force of §301 has been understood to extend to all contract claims based on an alleged breach of a collective bargaining agreement. *See, Int'l Brotherhood of Electrical Workers v. Hechler,* 481 U.S. 851 (1987).

In *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 405-06 (1989), the Court stated the governing principle for §301 preemption cases: if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is preempted and federal labor-law principles—necessarily uniform throughout the nation—must be employed to resolve the dispute.

In *DeCoe v. General Motors Corp.,* 32 F.3d 212, 216 (6th Cir. 1994), the Sixth Circuit detailed a two-step approach to deciding whether §301 preemption applies: First, the district court

must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right is born of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted.

In this case, Plaintiff plainly bases her claims on the collective bargaining agreement. Indeed, her right to any process for the review of her application for tenure and any possible grant of tenure after review is entirely dependent on her contractual rights which, because she was a member of a bargaining unit, are encompassed in the collective bargaining agreement.

Plaintiff asserts in her Response that Defendants are tortfeasors and accuses them of willful and malicious violation of her contract rights. These assertions do not change the result. A state claim of intentional infliction of emotional distress relating to the manner of discipline is, in a unionized shop, pre-empted by §301. *Mattis v. Massman*, 355 F.3d 902 (6th Cir. 2004); *Johnson v. Beatrice Foods*, 921 F.2d 1015 (10th Cir. 1990). And Ohio law does not recognize a tort action for willful or intentional breach of contract. *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145 (1922); *Battista v. Lebanon Trotting Assn.*, 538 F.2d 111 (6th Cir. 1976).

Once it is determined that Plaintiff's claims are preempted by federal labor law, it is clear that they are barred by the relevant statute of limitations which, for an action under 29 U.S.C. §185, is six months. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151(1983). §301 claims accrue "... when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the violation." *Adkins v. International Union of Electrical, Radio, and Machine Workers*, 769 F.2d 330, 335 (6th Cir. 1985). Plaintiff plainly knew that she had not been and was not going to be granted tenure as of her last day of employment at Wilberforce, December 31, 2006. She did not file this action until two years later on December 31, 2008.

4

Defendants' Motions to Dismiss are well taken and hereby granted. The Clerk will enter judgment dismissing the Complaint herein with prejudice as barred by the statute of limitations.

March 31, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge
